IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>JAMES T. CHAMPLIN,  )<br>)<br>Defendant.  )<br>_____) | CR. NO. 03-00587JMS<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>JUL 28 2005<br>at ___ o'clock and ___ min. ___ M<br>SUE BEITIA, CLERK |
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>ANDRES PAREDES,  )<br>)<br>Defendant.  )<br>_____) | CR. NO. 04-00131JMS |
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>SLOANE CONWAY,  )<br>)<br>Defendant.  )<br>_____) | CR. NO. 04-00314JMS |

SCANNED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00419JMS |
| Plaintiff, | ) | |
| vs. | ) | |
| TINEIMALO ADKINS, JR., | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00431JMS |
| Plaintiff, | ) | |
| vs. | ) | |
| QUOC VIET HOANG, | ) | |
| Defendant. | ) | |
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00469JMS |
| Plaintiff, | ) | |
| vs. | ) | |
| ARTHUR A. KAHAI, | ) | |
| Defendant. | ) | |

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00028JMS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WARREN PERREIRA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00068JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JACQUELINE SILVEYRA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00193JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | FOR RECUSAL WITHOUT |
| SHANE K. MARTINEZ, | ) | PREJUDICE |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR RECUSAL WITHOUT PREJUDICE

Defendants in the above-referenced cases have moved this court to

recuse itself pursuant to 28 U.S.C. § 455[1]. The defendants' principal argument is that this court should recuse itself under § 455(a), which states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendants argue that a reasonable person might question this court's impartiality for two reasons: first, the court was previously employed at the United States Attorney's Office for the District of Hawaii, the same office now prosecuting defendants, and, second, the reassignment of cases to this court from other active judges defeats the randomness of the District of Hawaii case assignment process.

Additionally, defendants argue that this court must recuse itself pursuant to 28 U.S.C. § 455(b)(3) from any cases in which this court, in its previous employment as an Assistant United States Attorney, "was counsel, adviser, or 'expressed an opinion concerning the merits' of the prosecution of one of the above defendants." D. Br. at 9.

After reviewing the defendants' motion and supporting memorandum, the court denies the defendants' motion for recusal, finding that there is no basis for recusal under either § 455(a) or § 455(b)(3). Nevertheless, this court instructs

---

[1]On July 11, 2005, defendant James T. Champlin, Cr. No. 03-00587 JMS, withdrew his motion for recusal. This Order thus applies to all other captioned defendants.

the parties in the above-referenced cases, or any other cases that come before this court, to notify the court immediately if they believe this court participated in a case in any way while employed at the United States Attorney's Office. If such facts come to the attention of the court, the court will recuse itself as to those cases.

## BACKGROUND

Prior to becoming a United States District Court Judge, this court served as an Assistant United States Attorney in the same office where government attorneys are now prosecuting the defendants' cases. This court spent most of its time at the United States Attorney's Office working in the white collar area, leaving that office on May 16, 2005.[2]

This court served in the United States Attorney's Office as a supervisor of the White Collar and Organized Crime Section from January 2002 through May 16, 2005. In that role, the court previously supervised cases only within that section; other supervisory Assistant United States Attorneys supervised cases involving narcotics, violent offenses, and firearm offenses. Defendants'

---

[2] Defendants' motion points out that this court previously served as Acting United States Attorney for the District of Hawaii, without providing any details as to the dates or for how long a period of time. As a result, the court directed the United States Attorney's Office to provide specific information concerning the court's prior status as Acting United States Attorney. In a July 19, 2005 response, the government stated that this court served as Acting United States Attorney for only one time period, from April 22, 2002 through April 28, 2002, and that none of the cases transferred to the court were under investigation or indictment during that time period.

cases were at no time under the supervision of this court while employed as an Assistant United States Attorney; instead, the cases were under the supervision of another Assistant United States Attorney. Further, this court, during its tenure with the government, did not participate as counsel, advisor, or material witness concerning defendants' cases, and never expressed an opinion concerning any of defendants' cases. In short, the court was unaware of defendants' individual cases until after taking the bench.

## DISCUSSION

I.  This Court Determines Whether Recusal is Appropriate Pursuant to § 455

As a preliminary matter, this court must determine whether it or another judge should decide the defendants' motion for recusal. Because both the language of § 455 and the Ninth Circuit precedent interpreting § 455 indicate that the judge to whom a § 455 motion is directed should decide the motion, this court will rule on the defendants' motion for recusal.

Section 455(a) provides that "[a]ny . . . judge . . . shall *disqualify himself* in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (emphasis added). Similarly, section 455(b) provides that "[h]e shall also *disqualify himself*" under certain circumstances. (Emphasis added.) The statute is addressed to the judge whose recusal is in

question and demands that the judge decide for him or herself whether to recuse. *See United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge. It requires the judge to <u>disqualify himself</u> when any one of the statutory conditions is met. It makes no provision for the transfer of the issue to another judge.").

In *In re Bernard*, 31 F.3d 842 (9th Cir. 1994), a § 455 motion was filed seeking Judge Kozinski's disqualification to hear a case on appeal. Judge Kozinski found that he alone was responsible for deciding the motion: "[T]he somewhat surprising (and not entirely comfortable) reality is that the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Id.* at 843. *United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980), found likewise, stating that "section 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *Id.* at 868. Consequently, this court will decide this recusal matter itself.[3]

---

[3]In contrast, when a party files an affidavit pursuant to 28 U.S.C. § 144 alleging "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," another judge must be assigned to rule on that motion. Defendants' motion is premised solely on § 455, and does not claim personal bias or prejudice.

II.   Section 455(b)(3) Does Not Require This Court to Recuse Itself

As the requirements of § 455(b)(3) are relevant to the court's analysis of the defendants' § 455(a) claims, the court begins with a discussion of the recusal of former government employees under § 455(b)(3).

As an initial matter, the law differs greatly between the recusal of a judge who previously served in private practice and the recusal of a judge who previously served in government employment. A judge who previously served in the private sector, unlike a government attorney, faces imputed disqualification under § 455(b)(2). This section requires disqualification not only when the judge previously served as a lawyer in the matter, but also where "a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter. . . ." No such imputed disqualification rule applies to former government service. Unlike § 455(b)(2), a judge is not subject to mandatory disqualification based on the mere fact that another lawyer in his prior government office served as an attorney on the matter. *See Kendrick v. Carlson*, 995 F.2d 1440 (8th Cir. 1993).[4]

---

[4]Advisory Opinion No. 38 of the Judicial Conference Committee on Codes of Conduct, explains that the distinction between a private law firm and government service was recognized by the Supreme Court in *Berger v. United States*, 295 U.S. 78, 88 (1934). *Berger*, in oft cited language, states that "[t]he United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all. . . ."

8

Instead, § 455(b)(3) provides that a judge should disqualify him or herself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." The defendants acknowledge that the court should recuse itself under this section only if it assisted in the prosecution of, expressed an opinion about, or in some way actively participated in one of the defendants' cases; they do not suggest that the fact that this court was employed as an Assistant United States Attorney by itself requires recusal under § 455(b)(3).

The defendants correctly read the § 455(b)(3) requirement for recusal. While the United States Attorney is considered the responsible attorney on all cases that the government prosecutes and would have to rescue him or herself from cases investigated or prosecuted while he or she was in office pursuant to § 455(b)(3), *United States v. Arnpriester*, 37 F.3d 466 (9th Cir. 1994), the law is equally clear that an Assistant United States Attorney is only disqualified from cases on which he or she actually participated. *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (recusal

9

under § 455(b)(3) not required "unless the former government attorney has actually participated in some fashion in the proceedings"); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) ("[A]n AUSA without any involvement in a case brought by other attorneys in his office is not required to disqualify himself from presiding over such a case under 28 U.S.C. § 455(b)(3)."); *United States v. Gipson*, 835 F.2d 1323, 1326 (10th Cir. 1988) ("[B]efore the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel.").

Of significance, the same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case. *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999), held that a district court judge who had served as the Chief Criminal Assistant to the United States Attorney was not required to recuse herself because she was never involved in the case at issue and because the division she supervised was not involved in the investigation or prosecution of the case.[5] *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988), reached the same

---

[5] To the extent that defendants suggest that a supervisory Assistant United States Attorney must be disqualified from *all* cases within the United States Attorney's Office while the former judge was employed in that office, *Scholl* specifically holds otherwise. While a former supervisory Assistant United States Attorney clearly cannot sit on any matters investigated or prosecuted under his prior supervision, no such rule applies to *all* investigations and prosecutions.

10

result, refusing to extend the *per se* disqualification rule for United States Attorneys "to cover every judge who has previously worked as a *supervisory* attorney in the U.S. Attorney's Office." Instead, the Third Circuit concluded that recusal is not mandatory absent a specific finding that the judge was previously involved with the case while employed in the U.S. Attorney's Office.

Defendants do not allege that this court participated in any manner in any of their cases. In fact, this court has reviewed all of defendants' cases and has determined that it did not participate as counsel, adviser, or material witness in any manner concerning the proceeding or express an opinion concerning the cases. This court therefore finds that § 455(b)(3) does not provide a basis for recusal.

III.    Section 455(a) Does Not Require This Court to Recuse Itself

The defendants' principal argument is that this court must recuse itself under § 455(a). Section 445(a) creates a broad, catchall provision requiring that a judge recuse him or herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

The relevant inquiry "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be

questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (citations omitted). The Fifth Circuit asks how the facts appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). A district court's ruling on a § 455 motion is reviewed for abuse of discretion. *United States v. Silver*, 245 F.3d 1075 (9th Cir. 2001).

The defendants advance two arguments for this court's disqualification under § 455(a): first, the defendants argue that, even though § 445(b)(3) does not require this court to recuse itself because of its prior government employment, the court should recuse itself under § 445(a) because its prior employment as an Assistant United States Attorney might raise a question as to the court's impartiality; second, the defendants argue that the reassignment of cases to this court from other active judges may implicate the court's impartiality. Both arguments are without merit.

    a.    <u>Prior Service as an Assistant United States Attorney</u>

As the Supreme Court observed in *Liteky*, §§ 455(a) and 455(b) cannot be viewed in isolation. Instead, § 455(a) both expands *and duplicates* the protection of § 455(b). *Liteky*, 510 U.S. at 552-53. While § 455(a) is a general provision that requires recusal whenever a judge's impartiality may reasonably be

questioned, § 455(b) enumerates specific scenarios requiring recusal because a judge's impartiality might be questioned.  In the areas of overlap between § 455(b) and § 455(a), the Supreme Court observed that "it is unreasonable to interpret § 455(a) (unless the language *requires* it) as implicitly eliminating a limitation explicitly set forth in § 455(b)." *Id.* at 553.

As an example of this principle, Justice Scalia's opinion discussed § 455(b)(5), which requires recusal when someone within three degrees of family relationship to the judge has an interest in the case.  Section 455(a) would not require recusal if a party had a fourth degree relationship to the judge because § 455(b)(5) has already addressed the issue of family relationship and placed an end to the disability at the third degree of relationship. *Id.*  The Court likewise concluded that § 455(b)(1), "which addresses the matter of personal bias and prejudice specifically, contains the 'extrajudicial source' limitation - - and *that* limitation (since nothing in the text contradicts it) should govern for purposes of § 455(a) as well." *Id.*[6]

---

[6]Justice Scalia's reasoning in *Liteky* is simply an application of the general canon of statutory construction that "each part or section [of a statute] should be construed in connection with each other part or section so as to produce a harmonious whole." Singer, Norman J., *Statutes and Statutory Construction*, § 46:05.  Courts consistently apply this principle to interpret statutes so that no section is read to defeat the express provisions found in another section, and so that statutes are read harmoniously with one another. *See, e.g., Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (noting that courts should interpret statutes "as a symmetrical and coherent regulatory scheme" and, if possible, should fit

Likewise, prior government employment, addressed in § 455(b)(3), provides a specific limitation for judges previously serving as government attorneys, and "*that* limitation (since nothing in the text contradicts it) should govern for purposes of § 455(a) as well." Section 455(b)(3), therefore, fixes the standard for § 455(a) recusal with respect to prior government employment. To hold otherwise would result in inconsistent applications of the two sections, a result specifically rejected by the Supreme Court.

Prior to *Liteky*, *United States v. Silba*, 624 F.2d 864, 867 (9th Cir. 1980), reached a similar result, finding that the substantive standard for recusal under § 455(b)(1) based on the personal bias or prejudice of the judge is the same under both § 455(a) and § 455(b)(1). The court reasoned that "section (b)(1) simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *Id.*

Defendants have offered no facts or argument to suggest that, in the circumstances before the court, § 455(a) should be read more broadly than the limitations specifically set forth in § 455(b)(3). Instead, defendants argue that this court's impartiality might reasonably be questioned "because the court served as a

---

"all parts into a ... harmonious whole") (citations and quotations omitted); *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 455 (1987) ("[W]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one.") (internal citations and quotations omitted).

supervisory AUSA during the time when their prosecutions were being initiated." But this is the very limitation addressed specifically in § 455(b)(3) and cases interpreting that section. The result sought by defendants would, in effect, broaden the scope of §§ 455(a) and (b) to provide for imputed disqualification of judges based on prior government service, a rule applied to judges previously in private practice. Such imputed disqualification does not apply in the context of government employment. Further, to expand the reach of § 455(a), in these circumstances, beyond the limitations of § 455(b)(3) would render meaningless the specific limits of § 455(b)(3), and create an inconsistency between the two provisions. With respect to claims based on prior government service, the § 455(b)(3) standard applies with equal force to § 455(a).

Even if the standard found in § 455(b)(3) did not apply to § 455(a), the court does not find that, based on the court's previous government employment, the court's impartiality might reasonably be questioned. As noted by the Supreme Court, "partiality" refers to favoritism that is, for some reason, "wrongful or inappropriate." *Liteky* at 552. Prior to becoming a judge, this court had no previous knowledge of defendants' cases, was not involved in any manner in their investigation or prosecution, did not express any opinion concerning them, and did not act as a supervisor on them. Absent something more, no reasonable

15

person could question the court's impartiality.

Other courts have found specifically that § 455(a) does not require the recusal of former Assistant United States Attorneys in cases that were prosecuted or investigated while they were at the United States Attorney's Office. In *United States v. Di Pasquale*, the court addressed the defendant's § 455(a) recusal motion after finding that § 455(b)(3) did not require recusal based on former employment as an supervisory Assistant United States Attorney. The court did not make an independent inquiry into the government employment issue under § 455(a); rather, it found that recusal was not mandated under § 455(a) because the defendant presented no evidence of impartiality "[a]part from the allegation concerning the trial judge's prior employment as Assistant U.S. Attorney." *Di Pasquale*, 864 F.2d at 279. Likewise, *United States v. Ruzanno*, found that, although the defendant had technically waived his § 455(a) recusal argument, "the fact that a judge was an AUSA during the prosecution, standing alone, does not require recusal under § 455(a)." *Ruzzano*, 247 F.3d at 694-95.

For all the foregoing reasons, the court concludes that § 455(a) also does not require its recusal based on its prior government employment.

b.  Reassignment of Cases

The defendants also argue that the court should recuse itself pursuant to § 455(a) because their cases were reassigned to the court from Judge Gillmor. They claim that reassignment to this court defeats the randomness of the original assignment procedure and that disturbing the original random assignment might cause a reasonable person to question the impartiality of the court. The defendants do not suggest that there was any impermissible reason for the transfer; their argument is that the fact of reassignment itself implicates the court's impartiality.

Judge Gillmor's reassignment of these cases to the court does not violate the Local Rules of the District of Hawaii or the Federal Rules of Criminal Procedure. The local rule on assignment of civil cases states that "[c]ases will be assigned as determined by the court," LR40.1[7], and the Federal Rules of Criminal Procedure are silent on the issue of pretrial assignment and reassignment of cases.[8]

---

[7] Pursuant to LR1.3, the provisions of the Civil Rules apply to all actions, including criminal. LR40.1 thus applies with equal force to the assignment of criminal cases.

[8] Defendants cite Rule 25 of the Federal Rules of Criminal Procedure, which provides for transfer upon the "death, sickness, or other disability" of the trial judge, and argue that the rule places an implicit limitation on all transfers of criminal cases. Rule 25 is not applicable to the transfer of the defendants' cases. It deals specifically with the disability of a judge during a trail or after the verdict. The Advisory Committee notes state that the rule was adopted because the increasing number of lengthy criminal trials made it necessary to have a procedure in place for substituting trial judges should the original judge become unable to finish the trial. Rule 25 facilitates such transfers in cases in which the original trial judge becomes unable to finish the trial. It places no limitations, implicit or otherwise, on pretrial reassignment.

The Ninth Circuit has held that "[d]istrict court judges have 'broad discretion' regarding the assignment or reassignment of cases." *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991). *See also United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989) (holding that "[j]udges may reassign cases for almost any reason, provided that the assignment is not for an impermissible reason"). Though the clerk's office uses a random assignment procedure as an initial matter, there is no prohibition on reassignment and no requirement that all assignment and reassignment be random. Nothing prohibits judges in this district from reassigning their cases in order to promote efficiency, avoid conflicts, or to spread the case load. In fact, it is common for judges to reassign a portion of their cases to a newly appointed judge, as Judge Gillmor has done with the defendants' cases.

The Ninth Circuit had held that there is no error in reassignment, even when a challenged reassignment violated local rules or a general order, unless the defendant can show actual prejudice as a result of the transfer. *United States v. Allen*, 633 F.2d 1282, 1294 (9th Cir. 1980) (finding "no basis" for appellants "to advance as error any alleged violation of the Northern District of California's Random Assignment Plan unless they can show actual prejudice"). In *United States v. Torbert*, 496 F.2d 154, 157 (9th Cir. 1974), the defendant challenged the non-random reassignment of his case, arguing that it violated both 28 U.S.C. § 144

(dealing with recusal of judges for reasons of prejudice) and his right to due process. The court was "unwilling to presume, without any factual showing, . . . that a judge to whom a case is thus transferred entertains prejudice against an accused." *Id.* at 156. The court further found no conflict between § 144, which mandates recusal in cases of a judge's personal bias or prejudice, and non-random reassignment of cases. *Id.* at 156-57.

The assignment and reassignment of cases is a matter left to the discretion of the district court. The mere fact of reassignment does give rise to an inference of bias or prejudice on the part of any judge. The defendants have not alleged that either Judge Gillmor or this court orchestrated the transfer of their cases for any impermissible reason or out of any bias against them. The mere fact of reassignment, therefore, does not create a reasonable question as to this court's impartiality under § 455(a).

## CONCLUSION

For the reasons stated above, the defendants' motion for recusal is DENIED without prejudice. Should any facts be brought to the court's attention at any time, by defendants or the government, reflecting prior participation by this

court while employed by the government, the court would then enter an order of recusal.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, __JUL 27 2005__.

                           /s/ J. Michael Seabright
                           J. MICHAEL SEABRIGHT
                           UNITED STATES DISTRICT JUDGE

*United States v. Champlin et al,* Cr. No. 03-00587JMS, Order Denying Motion for Recusal Without Prejudice